UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PRESTON D. ALLEN, JR.,

        Plaintiff,

v.                                                  Case No. 23-C-896

MONEIKA REDD,

        Defendant.

## DECISION AND ORDER

    Plaintiff Preston Allen, Jr., is representing himself in this 42 U.S.C. §1983 case. He is proceeding on a Fourteenth Amendment claim based on allegations that, while he was a pretrial detainee at the Milwaukee County Jail, Defendant Nurse Moneika Redd informed him that, for cost reasons, he would be provided with a particular type of insulin even after Allen informed her that he had previously had a severe reaction to that insulin. *See* Dkt. No. 36. Discovery closed on December 16, 2024. Two days later, on December 18, 2024, Defendant filed a suggestion of bankruptcy and notice of automatic stay. Defendant explained that Wellpath, LLC, her employer at the relevant time, had filed for bankruptcy, so Allen's claim against her should be stayed. On January 20, 2025, Defendant filed an updated suggestion of bankruptcy and notice of automatic stay, explaining that, on January 14, 2025, the bankruptcy court entered an amended order expanding the scope of the stay to include claims against Wellpath employees. On January 24, 2025, the Court stayed this action, and on February 24, 2025, the Court directed the clerk's office to administratively close it. The Court also ordered Defendant to file an update within seven days of the bankruptcy court lifting the automatic stay. Dkt. No. 61.

    On May 21, 2025, Defendant filed an update explaining that the automatic stay covering claims against Wellpath's employees expired on May 8, 2025. Defendant further explained that

Wellpath employees who had been named as defendants in cases before the bankruptcy were released from liability unless the plaintiff opted out of the third-party release in the bankruptcy plan. Dkt. No. 62. On June 2, 2025, Allen, who is no longer incarcerated, filed a notice that he intends to opt out of the third-party release in the bankruptcy plan and that he will notify the bankruptcy court of his decision. Dkt. No. 64.

Because Allen is opting out of the third-party release, his claim against Defendant may proceed. Accordingly, the Court **REOPENS** this case and **LIFTS THE STAY**. Because discovery closed before the Court stayed and administratively closed the case, the Court will set a dispositive motion deadline of **July 24, 2025**.

The Court reminds Allen that he may file a summary judgment motion, but he is not required to do so. Because the plaintiff has the burden of proof at trial, it is generally the defendant who moves for summary judgment on the ground that the plaintiff lacks evidence to meet that burden. If Defendant files a summary judgment motion and the motion is denied, the case will continue and the court will schedule a pretrial and trial date. To survive the defendant's motion for summary judgment, assuming such a motion is filed, Allen will be required to demonstrate in his response materials that a dispute of material fact exists. Allen has personal knowledge of the material facts of his case, so he should be able to identify which facts Defendant asserts in support of her motion are in dispute and place them before the Court in the form of an unsworn declaration under penalty of perjury. *See* 28 U.S.C. §1746. If neither party files a summary judgment motion, the court will schedule the case for trial and pretrial after the time for filing such a motion expires.

**SO ORDERED** at Green Bay, Wisconsin this 9th day of June, 2025.

William C. Griesbach
United States District Judge