UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

PRESTON D. ALLEN, JR.,

        Plaintiff,

v.                                              Case No. 23-C-896

MONEIKA REDD,

        Defendant.

---

## DECISION AND ORDER

---

Plaintiff Preston Allen, Jr., who was incarcerated at the time he brought this action but has since been released, is representing himself in this 42 U.S.C. §1983 action. Allen is proceeding on a claim based on allegations that Defendant Nurse Moneika Redd responded unreasonably to his serious medical condition. Nurse Redd moved for summary judgment on July 24, 2025. Dkt. No. 68. In a notice and order, the Court reminded Allen that under Civil L. R. 56(b)(2) his response materials were due by August 25, 2025. Dkt. No. 73. The Court warned Allen that, if he failed to respond to the motion by the deadline, the Court would accept all facts asserted by Nurse Redd as undisputed, which would likely result in summary judgment being granted in her favor and the case being dismissed. The deadline passed, and Allen did not respond to Nurse Redd's summary judgment motion.

The Court has reviewed the motion, brief in support, supporting exhibits, and undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that Nurse Redd is entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Nurse Redd and deemed true as a result of Allen's failure to respond, the Court finds that no rational jury could conclude that Nurse Redd's treatment of Allen's diabetes was objectively unreasonable. Nothing

in the record would have cautioned or indicated to Nurse Redd that Allen would have an adverse reaction to the prescribed insulin. Indeed, the record confirms that Allen did *not* have an adverse reaction to the prescribed insulin but had an episode of diabetic ketoacidosis. Further, the undisputed record demonstrates that Nurse Redd was merely following the medical decision-making of a supervising provider who prescribed a standard form of insulin that Allen received without complication both before and after the incident at issue in this case. Accordingly, Nurse Redd is entitled to summary judgment.

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment (Dkt. No. 68) is **GRANTED** and this case is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 4th day of September, 2025.

William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.